### SCHMIDT v. RYON.

### In re GILES MFG. CO.

(Circuit Court of Appeals, Third Circuit. June 23, 1922.)

No. 2843.

Bankruptcy ⊙═257—Bankruptcy court may sell interest of bankrupt in property, leaving question of title to be litigated between purchaser and adverse claimant.

Where a bankruptcy court finds assets in its hands which are claimed by a third party, it has the right, without disposing of the question of title, to sell the bankrupt's interest therein, leaving the purchaser of such interest and the adverse claimant to contest their rights elsewhere.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

In the matter of the Giles Manufacturing Company, bankrupt; W. W. Ryon, trustee. From an order of the District Court, Arthur G. Schmidt appeals. Appeal dismissed.

Harry S. Knight, of Sunbury, Pa., and Calvin F. Smith, of Easton, Pa., for appellant.

C. C. Lark, of Shamokin, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BUFFINGTON, Circuit Judge. This case concerns 15 knitting machines, which, on the bankruptcy of the Giles Manufacturing Company, came into the possession of that company's trustee. The title to such machines is claimed by Arthur G. Schmidt, who has brought this appeal from an order of the court below which dismissed Schmidt's petition to reclaim them. Reference to the record will show the reasons which led the court below to take the step it did in order to disentangle the complications that arose in relation to these machines.

Finding these machines in possession of the bankrupt, and being advised of the claim of Schmidt that they were his, the trustee in bankruptcy on February 8, 1921, petitioned the referee for leave to sell the personal property of the bankrupt, and included in such petition a prayer to sell the right, title, and interest of the Giles Manufacturing Company in the 15 knitting machines claimed to have been leased to bankrupt by A. G. Schmidt. Notice of this application was given the latter, who appeared and answered, claimed title to the machines, and prayed "that the property aforesaid should be excluded from said order of sale." After hearing, the referee made an order of sale, as prayed for, fixed the sale date as March 8th, and directed that "the right, title, and interest of the bankrupt in the 15 certain machines" be sold, that such interest should be disposed of separately, and that—

"The notice and advertisement is to set forth that upon return day of the petition for sale A. G. Schmidt, alleged owner and lessor of the above 15 knitting machines, filed objections to said sale of bankrupt's interest, and gave notice that he would institute reclamation proceedings to recover said property, unless purchaser agrees to subrogate to the rights of the bankrupt under said lease; the bankrupt's interest in the 15 knitting machines to be bid for and sold separately."

Thereafter the interest of the bankrupt was sold for $300 to one J. H. Bader, and on report thereof made to the referee, Schmidt, as stated in his objections—

" * * * hereby files formal objections to the confirmation absolutely of this sale, for the reason that the said Giles Manufacturing Company, bankrupt, was without any right, title, or interest in and to the said 15 knitting machines, and consequently was without any interest that it could sell or dispose of, and for the further reason that the said sale was without authority of, and in fact in violation of, law, and was intended to pass title to something that was not an asset or a part of the estate of the said bankrupt, of which want of title or lack of interest in said bankrupt formal notice was given by the said Arthur G. Schmidt to the creditors and debtors at said sale, as was also notice that proceedings in reclamation have been instituted and were at the time pending in the District Court of the United States for the Middle District of Pennsylvania, for which reasons it is respectfully contended that confirmation absolute of the sale of the 15 knitters as aforesaid should be withheld until such time as the proceedings in reclamation shall be finally disposed of."

After hearing, the referee, on March 21, 1921, confirmed the sale, and the purchaser has since paid the $300 for the interest of the bankrupt in the 15 machines. No attempt was made by Schmidt to review in the court below the said proceedings of sale had by the referee. While these proceedings were pending, Schmidt, on March 3, 1921,

presented to the court below a reclamation petition for the 15 machines. To this petition the trustee answered, inter alia, setting forth that Schmidt had acquiesced in the order of sale being made of the interest of the bankrupt; that the sale had been made and the money paid, and the machines were not in the possession of the trustee when the reclamation proceeding was begun. The referee nevertheless proceeded with the reference, and made a report which recommended to the court that 5 of the machines be turned over to the purchaser on certain terms and 10 to the claimant, Schmidt. The purchaser of the machines had no part in these proceedings in reclamation, and meanwhile Schmidt had brought against Bader, the purchaser, for the recovery of the machines, the action of replevin in the state court hereafter referred to. On hearing of exceptions of Schmidt to the referee's report on the reclamation petition, the court, in an opinion printed in the margin,[1] rejected the master's proposed order and dismissed the petition for reclamation. Thereupon Schmidt took this appeal.

It will be noted we have not before us for review the order of sale made by the referee, or its confirmation. Schmidt, as we have seen, had notice of those proceedings, and permitted the sale to be made and the purchaser's rights to accrue, and such purchaser is not a party to and has not been heard in either the court below or this court in the present proceeding. In addition thereto, Schmidt and

---

[1] "Fifteen certain knitting machines were installed in the bankrupt company's plant at Shamokin, Pa., under bailment to A. G. Schmidt. These machines were in place at the time of bankruptcy. Soon thereafter, on February 8, 1921, the trustee presented his petition to the referee for an order to sell all the bankrupt's personal property, including the 'right, title and interest of the Giles Manufacturing Company in 15 knitting machines, claimed to have been leased to bankrupt by A. G. Schmidt.' Notice to creditors and to Schmidt went out, and hearing pursuant to notice had on February 18 resulted in the order requested. Sale was effected on February 24, and return made March 9th, confirming nisi sale made of the 'right, title and interest of the bankrupt, if any,' to the purchaser for the consideration of a $300 bid, whereof notice again went out to creditors and to the said Schmidt. Petition for reclamation having been presented to the court March 3, on March 12 formal objection was filed with the referee, asking delay on final confirmation of sale until disposition of reclamation proceedings. March 21, on due consideration, the objection overruled, and the same was confirmed finally. To this final order of the referee no exception was taken. In proceedings before the referee as special master on reclamation petition and answer, the referee made an order disposing of the machines mentioned, which has been brought here for review.

"Upon examination of the proceedings and on due consideration, the court has reached the conclusion that, the trustee having sold the right, title, and interest of the bankrupt in the machines in question, and the sale being confirmed without exception, whatever, if any, property interest the bankrupt estate had, passed, and relieves the bankruptcy court from determining what, if any, title the bankrupt had in such machines. To this court it is not now important whether the bankrupt had any title whatsoever. The trustee, having no longer any interest in the machines, either by right or possession, leaves them where he found them, as he very properly sets forth in his reply to the reclamation petition.

"The special master's order is rejected, and the petition to reclaim is dismissed. The costs of this proceeding to be paid by the bankrupt estate."

the purchaser are now parties in the replevin case in the state court, where their respective rights to these machines can be adjudicated.

It will therefore be apparent that, unless the court below was obliged to decide the question of title to these machines, there was no abuse of discretion on its part in making the order it did, which in effect was a declination on its part to decide the question of title and a relegating of that issue to the state court. It is quite clear to us that where courts; in exercise of their administrative jurisdiction, find assets in their hands which third parties claim, they have the right, without disposing of the question of title, to sell the interest therein of the estate being administered, and allow the purchaser of this interest and the claimant to contest their relative rights elsewhere. We find nothing in the bankrupt law which deprives a court of bankruptcy of this power, which, as we say, is incident to courts generally.

The appeal of Schmidt will therefore be dismissed, at his cost, but without prejudice to his right, or that of J. H. Bader, to test the title of the machines in question in a certain suit in replevin now pending in the court of common pleas of Northumberland county, Pennsylvania, to No. 186, February term, 1922, and also without prejudice to the rights of the appellant to establish his title to said machines in any other proceeding now instituted or hereafter to be instituted by him.